[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant's assessment of damages for the taking of the plaintiff's property at 208 Poplar Street for the purpose of renovating and expanding the existing Bryant School. The plaintiff's property consists of a house and lot at the above address.
The taking date of the property was March 1, 1996 and, as of that date, the defendant assessed the fair market of the property in the amount of $14,000.
The court has before it, the testimony of Harold Scott and James Reilly, appraisers for the plaintiff and Horatio J. Cardoza and Peter Vimini, appraisers for the defendant.
Basing his appraisal on comparable sales, the plaintiff's appraiser, Harold Scott, arrived at a fair market value of the subject property on the date of taking in the amount of $89,000, allocating $77,000 to the house and $12,000 to the lot.
Also, based on comparable sales, plaintiff's appraiser, Reilly, arrived at a fair market value as of the taking date, in the amount of $90,000.
Horatio J. Cardoza appraised on behalf of the defendant. The court, however, is unable to place a great deal of weight on his testimony. He examined properties at 526 and 727 Laurel Avenue and one parcel at 1059 Iranistan Avenue. The court has viewed Mr. Cardoza's comparables, as well as all comparables submitted by CT Page 7533 the respective appraisers. Insofar as Mr. Cardoza is concerned, the court cannot place much reliance on his testimony, finding that he had not placed a fair market value on the subject property, but indicated that the subject property should be adjusted downward 10-15% because it was in an inferior neighborhood.
The court places the most reliance on the testimony of Peter Vimini, who appraised on behalf of the defendant. Mr. Vimini testified as to comparables at 401-403 Poplar Street, 456-458 Poplar Street and 1301-03 Howard Avenue which are in close proximity to subject property at 208-210 Poplar Street, these properties sold for $65,000, $70,000 and $68,000, respectively on dates in close proximity to the taking date of subject property, March 1, 1996.
As indicated, the court has viewed all comparables submitted by all the appraisers. It finds itself in agreement with Mr. Vimini who found that, based on elements of comparison, such as date of sale, location, condition, a downward adjustment was warranted, and found that the fair market value of subject property on the date of taking, was $47,000.
The court finds the fair market value of the plaintiff's property at 208-10 Poplar Street on the date of taking to be $47,000 and damages are found in said amount. Plaintiff's appraiser, Reilly is allowed the amount of $450 for appraisal fees and $450 for his testimony. The amount of $14,000 was deposited by the defendant but not taken by the plaintiff. Hence, interest at the statutory rate on the amount of $33,000 is due to the plaintiff from the date of taking to the date of payment of judgment, which may enter accordingly.
BELINKIE, JUDGE REFEREE